UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASYA AMEENAH HUNTER,<br><br>Plaintiff,<br><br>v.<br><br>REALPAGE, INC. dba LEASINGDESK and GENUINE DATA SERVICES, LLC,<br><br>Defendants. | No. 2:24-cv-01182-TLN-CSK<br><br>**ORDER** |

This matter is before the Court on Defendant RealPage, Inc.'s ("RealPage") Notice of Removal. (ECF No. 1.) Plaintiff Asya Ameenah Hunter ("Plaintiff") filed the instant action in Sacramento County Superior Court on March 22, 2024. (ECF No. 1-1 at 3.) On April 23, 2024, RealPage removed to this Court based solely on federal question jurisdiction. (ECF No. 1 at 2.) RealPage asserts "Plaintiff seeks damages for Defendant's alleged violations of the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq." (*Id.*) Defendant Genuine Data Services, LLC ("GDS") joined in the removal. (ECF No. 1-2 at 2.)

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

1    Courts "strictly construe the removal statute against removal jurisdiction," and "the
2 defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980
3 F.2d 564, 566 (9th Cir. 1992) (per curiam).  Furthermore, "[i]f the district court at any time
4 determines that it lacks subject matter jurisdiction over the removed action, it must remedy the
5 improvident grant of removal by remanding the action to state court." *California ex rel. Lockyer*
6 *v. Dynegy, Inc.*, 375 F.3d 831, 838, *as amended*, 387 F.3d 966 (9th Cir. 2004), *cert. denied* 544
7 U.S. 974 (2005).

8    Federal question jurisdiction is set forth in 28 U.S.C. § 1331.  *See* 28 U.S.C. § 1331.  The
9 "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint
10 rule,' which provides that federal jurisdiction exists only when a federal question is presented on
11 the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 386.  Federal
12 question jurisdiction therefore cannot be based on a defense, counterclaim, cross-claim, or third-
13 party claim raising a federal question.  *See Vaden v. Discover Bank*, 556 U.S. 49 (2009); *Hunter*
14 *v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

15    In invoking federal question jurisdiction, RealPage indicates that Plaintiff alleges claims
16 under the Fair Credit Reporting Act ("FCRA"), which is a federal law.  (ECF No. 1 at 2.)  After
17 examination of the Complaint, however, it appears Plaintiff only alleges state law claims.
18 Specially, Plaintiff alleges the following claims: (1) violation of California Civil Code §
19 1786.20(b); (2) violation of California Civil Code § 1786.18(c); and (3) violation of California
20 Civil Code §§ 1786.10 and 1786.22.  (ECF No. 1-1 at 8–9.)  Further, in the prayer for relief,
21 Plaintiff only seeks remedies for violations of state law — not the FCRA.  (*Id.* at 10.)  Although
22 Plaintiff does mention the FCRA three times in the Complaint (*id.* at ¶¶ 1, 16, 27), those vague
23 references are not connected to any of Plaintiff's actual claims and seem to be boilerplate
24 allegations.  It therefore appears the Complaint relies solely on California state law and does not
25 state any claims under federal law.

26    Accordingly, Defendants are ORDERED to SHOW CAUSE not later than fourteen (14)
27 days from the electronic filing date of this Order as to why this action should not be *sua sponte*
28 remanded to state court for lack of subject matter jurisdiction.

1    IT IS SO ORDERED.

2    Date: November 14, 2024

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

3