1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    ASYA AMEENAH HUNTER,                        No. 2:24-cv-01182-TLN-CSK

12                 Plaintiff,

13          v.                                    **ORDER**

14    REALPAGE, INC. dba LEASINGDESK
      and GENUINE DATA SERVICES, LLC,
15
16                 Defendants.

17          This matter is before the Court on Defendants RealPage, Inc. ("RealPage") and Genuine

18    Data Services, LLC's ("GDS") (collectively, "Defendants") Response to the Court's Order to

19    Show Cause as to why this case should not be *sua sponte* remanded to state court for lack of

20    subject matter jurisdiction.  (ECF No. 16.)  For the reasons set forth below, the Court *sua sponte*

21    REMANDS this action to state court.

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

                                                  1

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Asya Ameenah Hunter ("Plaintiff") filed this action in Sacramento County Superior Court on March 22, 2024.  (ECF No. 1-1 at 3.)  On April 23, 2024, RealPage removed the action to this Court based on federal question jurisdiction.  (ECF No. 1 at 2.)  GDS joined in the removal.  (ECF No. 1-2 at 2.)  On November 14, 2024, the Court ordered Defendants to show cause as to why this action should not be *sua sponte* remanded to state court for lack of subject matter jurisdiction.  (ECF No. 15.)  Defendants filed a response on November 27, 2024.  (ECF No. 16.)

## II.   STANDARD OF LAW

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  "Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam).  Further, "[i]f the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court."  *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, *as amended*, 387 F.3d 966 (9th Cir. 2004), *cert. denied* 544 U.S. 974 (2005).

## III.   ANALYSIS

In the Notice of Removal, RealPage asserts this Court has federal question jurisdiction because Plaintiff alleges claims under the Fair Credit Reporting Act ("FCRA"), which is a federal law.  (ECF No. 1 at 2.)  After examination of the Complaint, however, it appears Plaintiff only alleges state law claims.  Specifically, Plaintiff alleges the following claims: (1) violation of California Civil Code § 1786.20(b); (2) violation of California Civil Code § 1786.18(c); and (3) violation of California Civil Code §§ 1786.10 and 1786.22.  (ECF No. 1-1 at 8–9.)  Further, in the prayer for relief, Plaintiff only seeks remedies for violations of state law — not the FCRA.  (*Id.* at 10.)  Although Plaintiff does mention the FCRA three times in the Complaint (*id.* at ¶¶ 1, 16, 27),

1    those vague references are not connected to any of Plaintiff's listed claims and seem to be

2    boilerplate allegations.  Therefore, contrary to Realpage's assertions in the Notice of Removal, it

3    appears Plaintiff does not allege a claim under the FCRA.  Based on these concerns, the Court

4    ordered Defendants to show cause as to why this case should not be *sua sponte* remanded to state

5    court.  (ECF No. 15 at 2.)

6           In response, Defendants argue Plaintiff's Complaint specifically alleges that under the

7    FCRA, "Defendant was required to use reasonable procedures to ensure the maximum possible

8    accuracy of the information reported" and "[d]isclosing outdated information is a clear violation

9    of this statute."  (ECF No. 16 at 2 (citing ECF No. 1-1 at ¶ 16).)  Defendants argue Plaintiff also

10   alleges she "suffered and continues to suffer actual damages and emotional distress as a result of

11   her denial of housing." [1]  (*Id.* (citing ECF No. 1-1 at ¶ 17).)

12          "Article III of the Constitution gives the federal courts power to hear cases 'arising under'

13   federal statutes."  *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 807 (1986).  "[T]he

14   question whether a claim 'arises under' federal law must be determined by reference to the 'well-

15   pleaded complaint.'"  *Id.* at 808.  "[T]he vast majority of cases brought under the general federal-

16   question jurisdiction of the federal courts are those in which federal law creates the cause of

17   action."  *Id.*  If a federal law does not create the cause of action, a defendant may establish federal

18   question jurisdiction by showing that one or more of the state law claims should be

19   "recharacterized as a federal claim" or that one or more of the state law claims "necessarily

20   turn[s] on the construction of a substantial, disputed federal question."  *Rains v. Criterion Sys.,*

21   *Inc.*, 80 F.3d 339, 343 (9th Cir. 1996).

22          The thrust of Defendants' argument is that there is federal question jurisdiction because

23   Plaintiff alleges violations of the FCRA.  However, Defendants do not adequately address the

24   _____

25   [1]     In a footnote, Defendants argue "the only logical inference is that Plaintiff does, in fact,
     assert federal questions" because Plaintiff never moved to remand or otherwise argued that her
26   Complaint does *not* assert federal questions.  (ECF No. 16 at 3.)  Defendants' argument is
     unpersuasive, as federal courts "must consider whether federal jurisdiction exists, even if no
27   objection is made to removal, and even if both parties stipulate to federal jurisdiction."  *Rains v.*
     *Criterion Sys., Inc.*, 80 F.3d 339, 342 (9th Cir. 1996) (internal citations omitted).

28

1    Court's concern that, despite a few boilerplate allegations about the FRCA elsewhere in the

2    Complaint, Plaintiff's claims are based solely on violations of the California Civil Code and do

3    not mention the FCRA.  Moreover, as alleged, the elements of the claims track with the language

4    from each respective California Civil Code section.  For example, Claim One alleges a violation

5    of California Civil Code § 1786.20(b) ("§ 1786.20(b)").  (ECF No. 1-1 at 8.)  Section 1786.20(b)

6    states in relevant part, "Whenever an investigative consumer reporting agency prepares an

7    investigative consumer report, it shall follow reasonable procedures to assure maximum possible

8    accuracy of the information concerning the individual about whom the report relates."  Cal. Civ.

9    Code § 1786.20(b).  Tracking with the language of § 1786.20(b), Claim One alleges Defendants

10   "failed to use reasonable procedures to ensure the maximum possible accuracy of the information

11   reported."  (ECF No. 1-1 at 8.)  To the extent there is overlap between the cited California Civil

12   Code sections and the FCRA, it seems Plaintiff ultimately chose to bring claims only under state

13   law.  *See Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1395 (9th Cir. 1988) ("If the

14   plaintiff may sue on either state or federal grounds, the plaintiff may avoid removal simply by

15   relying exclusively on the state law claim").

16          Accordingly, Defendants fail to convince the Court that this is one of the "vast majority"

17   of federal question cases where a federal law creates the cause of action.  *Merrell Dow*, 478 U.S.

18   at 807.  The Court also notes that Defendants do not argue that Plaintiff's state law claims should

19   be "recharacterized as a federal claim" or that Plaintiff's state law claims "necessarily turn on the

20   construction of a substantial, disputed federal question."  *Rains*, 80 F.3d at 343.  The Court

21   acknowledges the Complaint could have been clearer.  *See Mateo v. Home Depot U.S.A., Inc.*,

22   No. 23-CV-01561-AMO, 2023 WL 7089937, at *3 (N.D. Cal. Oct. 26, 2023) ("[W]hether by

23   carelessness or otherwise, [plaintiff] has muddled the bases for his state law claims by including

24   references to federal law. . . .").  However, based on the limited arguments before the Court, the

25   Court concludes Defendants have failed to meet their burden to show removal was proper.[2]  *Id.* at

26
27   _____

     [2]    Defendants alternatively argue this Court has diversity jurisdiction, which was not a basis
     for jurisdiction raised in the Notice of Removal.  (ECF No. 16 at 3–4.)  Defendants fail to cite
     authority that would allow this Court to consider a basis for removal that was not raised in the
28   Notice of Removal.  As such, the Court does not address diversity jurisdiction.

*4 ("The basis for removal is questionable in light of the ambiguity in the complaint, and the Court resolves that ambiguity, as it must, in favor of remand.").

**IV.   CONCLUSION**

For the foregoing reasons, the Court *sua sponte* REMANDS this action.  The Clerk of Court is directed to REMAND this action back to Sacramento County Superior Court.

IT IS SO ORDERED:

Dated:  December 13, 2024

_____

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE